UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| DAVID ELLIS, Successor Plan<br>Administrator and Successor Plan<br>Trustee for the Rycenga Homes, Inc.<br>Profit-Sharing 401(k) Plan, | )<br>)<br>)<br>) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04-cv-694 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| RYCENGA HOMES, INC., et al., | ) | |
| | ) | **MEMORANDUM 0PINION** |
| Defendants. | ) | |
| | ) | |

This is a civil action brought by the successor trustee of a profit-sharing plan pursuant to the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001-1461. The only remaining defendant is Edward D. Jones & Co., L.P. By opinion issued March 15, 2007, this court found that defendant was a fiduciary for purposes of ERISA and that defendant was potentially liable under two theories of direct liability as well as the co-fiduciary section of ERISA. The court determined that genuine issues of material fact required a trial on these ERISA claims and directed the parties to brief the question whether any party is entitled to a trial by jury in the circumstances of this case. Plaintiff has filed a timely brief, arguing that trial by jury is required both by the ERISA statute and by the Seventh Amendment. Defendant has failed to address the question in the time allowed by the court's previous order.

ERISA creates and defines a fiduciary's liability for breach of duty in section 409(a), which provides as follows:

> (a)      Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary; and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.  A fiduciary may also be removed for a violation of section 1111 of this title.

29 U.S.C. § 1109(a).  A cause of action to enforce a fiduciary's liability under section 409(a) is created by section 502(a)(2), which provides that a civil action may be brought by the Secretary, or by a participant, beneficiary or fiduciary for "appropriate relief under section 409."  The Supreme Court has held that these statutes allow suits against a fiduciary only for the benefit of the plan itself. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140-42 (1985).

Plaintiff makes an ingenious argument that the ERISA statute itself contemplates jury trials.  Although the statute is thirty years old, plaintiff is unable to cite a single case so holding.  The federal courts have noted the complete absence in the ERISA statute of any mention of the right to trial by jury.  *See Berry v. CEIBA-Geigy*, 761 F.2d 1003,1007 (4th Cir. 1985); *In re Vorpahl*, 695 F.2d 318, 320 (8th Cir. 1982); *Lamberty v. Premier Millwork & Lumber Co.*, 329 F. Supp. 2d 737, 744 (E.D. Va. 2004) (ERISA "does not statutorily provide for trial by jury, either expressly or implicitly.").  Furthermore, the Sixth Circuit has long held that no right to a jury trial attaches to a beneficiary's claim for benefits under an ERISA plan, a result that could not be reached if the statute itself conferred the right to a jury trial.  *See, e.g., Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998); *Bittinger v. Tecumseh Prod. Co.*, 123 F.3d 877, 882-83 (6th Cir. 1997);

-2-

*Bair v. General Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir. 1990).  Plaintiff ignores all this authority, which stands squarely against the implication of the right to a jury trial arising from congressional intent, express or implied.  Consequently, any right to a jury trial must arise from the Seventh Amendment.

The Seventh Amendment preserves the right to a jury trial only in "suits at common law."  U.S. CONST. amend. VII.  The phrase "suits at common law" refers to "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized and equitable remedies were administered."  *Granfinaciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).  In deciding whether a particular action is a suit at common law that entitles a litigant to a trial by jury, the court is to apply the two-step test set forth in *Granfinaciera*.  492 U.S. at 42.  First, the court is to ask whether the action would have been deemed legal or equitable in 18th century England prior to the merger of law and equity.  Second, the court is to examine the remedy sought and determine whether it is legal or equitable in nature.  The court must give greater weight to the latter factor.  *Id.* at 42.

Traditional analysis of these two issues in suits against fiduciaries for breach of duty has generally led courts to conclude that no right to a jury exists.  First, claims of breach of fiduciary duty were within the exclusive province of the equity courts.  "[I]n colonial times, the English High Court of Chancery had exclusive jurisdiction over trusts."  *Evans v. Pearson Enter.*, 434 F.3d 839, 849 (6th Cir. 2006).  The common law courts did not recognize trusts, and beneficiaries could only seek redress in courts of equity.  *See* 1 DAN B. DOBBS, LAW OF REMEDIES § 2.3(2) (2d ed. 1993). The Supreme Court has acknowledged this:  "It is true that, at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust."  *Mertens v.*

-3-

*Hewitt Assoc.*, 508 U.S. 248, 256 (1993).  The commentators have also recognized that courts of equity exercise original and complete jurisdiction over trusts, regardless of the adequacy or inadequacy of a remedy at law.  G. BOGERT & G. BOGERT, TRUSTS & TRUSTEES § 870 at 136 (rev. 2d ed. 1995).  In the first step of the *Granfinaciera* analysis, then, one must conclude that the action clearly would be deemed equitable in 18th century England.

Second, regarding the remedy, the traditional rule is that virtually all remedies against a fiduciary are equitable in nature.  As the Restatement of Trusts puts it:  "Except as stated in section 198, the remedies of the beneficiary against the trustee are exclusively equitable."  RESTATEMENT (2d) OF TRUSTS § 197 (1959).  The sole exception, inapplicable in this case, was that the courts of law would enforce the duty of the trustee to pay money or deliver property immediately and unconditionally to the beneficiary.  *Id.* at § 198.  Included among the remedies that the Restatement described as "exclusively equitable" are actions to redress a breach of trust by payment into the trust estate of any loss resulting from the breach of trust.  *Id.* at § 205; *see* BOGERT § 862.  These causes of action were not considered to be suits at law for the recovery of damages, but equitable actions to surcharge the trustee for breach of fiduciary duty.  *See, e.g., Mosser v. Darrow*, 341 U.S. 267 (1951) (reorganization trustee may be surcharged for loss to estate under equitable principles); *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 464 (1939); *In re Johnson*, 518 F.2d 246 (10th Cir. 1975) (upholding surcharge of trustee for negligence in supervising dishonest bookkeeper).  As the Ninth Circuit has recently explained:

> A surcharge is an "'imposition of personal liability on a fiduciary for wilful or negligent misconduct in the administration of his fiduciary duties.'"  *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 7 (1st Cir. 1999) (quoting *Black's Law Dictionary*, 1441 (6th ed. 1990)).  Typically, surcharges are levied when trustees breach their fiduciary duties.  *See, e.g., Mosser v. Darrow*, 341

-4-

U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951) (upholding surcharge of reorganization trustee for profits made by employees whom he knowingly permitted to trade in securities of debtor's subsidiary corporation); *In re San Juan Hotel Corp.*, 847 F.2d 931 (1st Cir. 1988) (upholding surcharge of trustee for mismanagement of estate).

*F. J. Hanshaw Enter. v. Emerald Enter v. Emerald River Dev.*, 244 F.3d 1128, 1142 (9th Cir. 2001). Consequently, although the remedy of surcharge may superficially resemble an award of damages at law, it was a creature of equity, governed by equitable principles and awardable only by a chancery court. Thus, the federal courts, until very recently, were unanimous in holding that suits under section 502(a)(2) of ERISA against fiduciaries brought on behalf of the plan are equitable in both nature and remedy and do not give rise to the right to trial by jury, even when the remedy sought is an award of money. *See, e.g., Phelps v. CT Enter.*, 394 F.3d 213, 222 (4th Cir. 2005); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323-24 (5th Cir. 1994); *Termini v. Life Ins. Co. of N. Am.*, ___ F. Supp. 2d ___, 2007 WL 515408 (E.D. Va. 2007) ("In addition, plaintiff's claims for breach of fiduciary duty are not triable by a jury. Such actions are examined under trust law principles and fiduciary standards, which are in the exclusive jurisdiction of the equity courts."); *Vargas v. Child Dev. Council of Franklin County, Inc.*, 269 F. Supp. 2d 954, 957 (S.D. Ohio 2003); *Cherepensky v. Sears, Roebuck & Co.*, 455 F. Supp. 2d 470, 476 (D.S.C. 2006); *Camp v. Pac. Fin. Group*, 956 F. Supp. 1541, 1552 (C.D. Cal. 1997); *Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va.*, 876 F. Supp. 809, 815-17 (E.D. Va. 1995); *Miner v. Community Mut. Ins. Co.*, 778 F. Supp. 402 (S.D. Ohio 1991) (no jury trial in claim for money damages against ERISA fiduciary for breach of duty).[1]

---

[1] The Sixth Circuit, as noted above, has repeatedly rejected the argument that a beneficiary has the right to a jury trial for claims under section 502(a)(3) for plan benefits. The court has not, however, squarely addressed the issue in the context of a claim for breach of fiduciary duty under section 502(a)(2).

Very recently, some lower courts have come to a different conclusion.  *See, e.g., Pereira v. Farace*, 413 F.3d 330 (2d Cir. 2005); *Bona v. Barash*, 2003 WL 1395932 (S.D.N.Y. Mar. 20, 2003).  Although acknowledging that suits against fiduciaries would be exclusively equitable in 18th century England, these courts have determined that the nature of the remedy sought is legal where plaintiff seeks an award of "damages" against the fiduciary.  These courts have relied on *dictum* in recent Supreme Court decisions, especially *Mertens* and *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002).  In the opinion of this court, *Pereira* (which was not an ERISA case) and cases like it represent an overreaction to *Mertens* and *Knudson* and a misunderstanding of their import.  The issue in *Mertens* was whether section 502(a)(3) of ERISA authorizes suits for money damages against nonfiduciaries who knowingly participate in a fiduciary's breach of duty.  The court held that the statute, which allows participants to bring civil actions to obtain "appropriate equitable relief" does not authorize a claim for money damages against nonfiduciaries, as that claim would be legal and not equitable in nature.  *Mertens* had nothing to do with a right to trial by jury and did not purport to analyze any Seventh Amendment issue.  It was decided under section 502(a)(3), not under section 502(a)(2).  Properly understood, *Mertens* stands for the unexceptional proposition that a suit against a *nonfiduciary* for money damages caused to the trust is legal in nature.  Of course, suits against nonfiduciaries were not within the exclusive jurisdiction of the equity courts in any event.

The *Knudson* case likewise did not involve the right to trial by jury.  *Knudson* involved a lawsuit by an insurance company against a beneficiary, seeking reimbursement under a contractual indemnity provision for medical payments made to a beneficiary.  Because the medical plan was governed by ERISA, the provisions of ERISA applied to this suit.  Again, the court was

required to construe the provisions of section 502(a)(3).  The court found that the insurance company's suit, which sought restitution from the beneficiary on a contract theory, would not have been brought in equity, but at law.  The court therefore held that the insurance company had no claim for "equitable relief" under section 502(a)(3).  Again, this holding is not remarkable, as a claim for indemnity under a written contract, made against a nonfiduciary, has never been considered to involve equitable claims or relief.

Properly understood, neither *Mertens* nor *Knudson* requires a conclusion that the Seventh Amendment gives the right to a trial by jury in an action to recover money against the trustee for breach of duty for the benefit of an ERISA plan.  Nevertheless, *Pereira* and other lower courts have relied on *dictum* in *Knudson*, which they understand to say that a lawsuit to recover money generally involves legal relief, recognizing only a narrow exception for claims for truly equitable restitution.  These courts apparently read *Knudson* as requiring trial by jury whenever the plaintiff is seeking an award of money.[2]  Thus, these courts hold that a surcharge action against a fiduciary seeking payment to the trust estate arising from the fiduciary's breach of duty is a "suit at common law" within the meaning of the Seventh Amendment, even though no common-law court in the colonial Anglo-American legal system would ever have entertained such a suit or granted such relief.

Consequently, this court has grave doubts whether *Mertens* and *Knudson* have changed 400 years of Anglo-American jurisprudence in this regard.  Nevertheless, the availability of a jury trial in this case is supported by cases such as *Pereira*, and the Sixth Circuit Court of

---

[2] The Supreme Court has long held that the mere fact that the plaintiff seeks an award of money does not necessarily require that the remedy be deemed legal in nature. *Curtis v. Loether*, 415 U.S. 189, 196 (1974). Neither *Mertens* nor *Knudson* purports to overrule this principle.

Appeals has not opined on the jury trial issue since *Knudson* was decided.  Plaintiffs have earnestly argued in favor of a jury trial, and defendant appears indifferent, as it ignored the court's direction to brief the issue.  As plaintiff has at least a colorable right to trial by jury, the court will allow the case to proceed to jury trial.  The Supreme Court has remarked that the Constitution protects the right to trial by jury, but does not protect the right to trials by the court.  *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 510 (1959).  Consequently, even where the Seventh Amendment does not require jury trials, it does not forbid them.  *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963); *Progressive Northern Ins. Co. v. Bachmann*, 314 F. Supp. 2d 820, 833 (W.D. Wisc. 2004).  Furthermore, Rule 39(c) allows jury trials by consent, even where there is no right to trial by jury.  For purposes of this rule, consent need not be express.  Therefore, if one party demands a jury and the other party does not object, this will be regarded as a jury trial by consent.  *See* 9 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE:  CIVIL § 2333 at 182 (1995).  This case has been scheduled for jury trial in five separate case management orders, and the joint status report (docket # 16), signed by both counsel, indicates that the case will be tried by jury.  As defendant has never objected to trial by jury in this case and has declined the court's direction to address the issue, Rule 39(c) gives the court an additional ground upon which to order a jury trial, on the basis of defendant's implied consent.


Dated:  April 2, 2007                            /s/  Joseph G. Scoville
                                                 United States Magistrate Judge