IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DAVID ELLIS, Successor Plan
Administrator and Successor Plan
Trustee for the Rycenga Homes, Inc.
Profit Sharing 401(k) Plan, et al.,

and

THE HANOVER INSURANCE COMPANY,

    Plaintiffs and Counter-Defendants,

v.

RYCENGA HOMES, INC., et al,

    Defendants

and

EDWARD D. JONES & CO., L.P.

    Defendant and Counter-Plaintiff.

Case No. 1:04CV0694
Hon. Joseph G. Scoville

_____/

### DEFENDANT EDWARD D. JONES & CO., L.P.'S COUNTERCLAIM FOR INTERPLEADER

For its Counterclaim for Interpleader against Counter-Defendants David Ellis and The Rycenga Homes, Inc. Profit Sharing 401(k) Plan (collectively "the Plan") and The Hanover Insurance Company (hereinafter "Hanover"), Counter-Plaintiff Edward D. Jones & Co. L.P. ("Edward Jones") says:

1.    Edward Jones is a Missouri limited partnership with its principal place of business in the State of Missouri.

2.    Counter-Defendant David Ellis is a resident of the State of Michigan.

3.     Counter-Defendant The Rycenga Homes Inc. Profit Sharing 401(k) Plan is an employee benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). Ellis is its successor Trustee.

4.     Upon information and belief, Hanover is a New Hampshire corporation with its principal place of business in the State of Massachusetts.

5.     The Court has jurisdiction of this Counterclaim for Interpleader under 29 U.S.C. §§ 1367(a) and 1335(a).

6.     The Plan and Ellis have brought the underlying action against Edward Jones to recover damages for prohibited transactions caused by Defendant Ronald Retsema, who arranged for loans of assets belonging to the Plan. Edward Jones disputes the allegations that it is responsible for the direct and indirect losses suffered by the Plan.

7.     The amount of direct losses suffered by the Plan due to Retsema's breaches of fiduciary duty is $897,000, plus interest, lost opportunity costs and indirect damages.

8.     In June 2006, the Plan brought a separate action against Hanover in the Ottawa County Circuit Court seeking a recovery on fidelity bond insurance policies issued by Hanover (collectively "Fidelity Bond Policies") covering Retsema and the Plan. That action was removed to this Court, Civil Action No. 1:06-cv-00586-RAE and assigned to Judge Enslen. That action hereinafter is referred to as "the Hanover Action".

9.     In August 2006, Hanover paid the Plan $250,000 on the Plan's claim in the Hanover Action in exchange for a partial release.

10. In February 2007, Hanover paid the Plan another $20,000 in complete settlement of the Hanover Action, which was then dismissed with prejudice.

11. Hanover has therefore paid the Plan a total of $270,000 on the Fidelity Bond Policies in exchange for a full release of any further claims.

12. Under the terms of the settlement between Hanover and the Plan, Hanover reserved all rights and remedies it had under the policy, including "a right of subrogation as a result of its payments to the Plan and Ellis, and its right to assert an interest in any . . . recoveries made by Ellis and/or the Plan in connection with their current civil action against Edward D. Jones . . . ."

13. The Plan and Edward Jones have now reached a settlement of the Plan's claims against Edward Jones.

14. Edward Jones has agreed to pay the Plan $360,000 ("the Settlement Payment") in full settlement of all claims. It is expressly understood that Edward Jones denies all liability to the Plan and that this settlement is not to be treated by anyone as an admission of liability by Edward Jones.

15. Pursuant to order of this Court, Edward Jones is aware of the terms of the settlement between the Plan and Hanover, including Hanover's reservation of reimbursement and subrogation rights against the Plan and Edward Jones.

16. Hanover claims that it has reimbursement/subrogation rights against Edward Jones as well as against the Plan regarding any sums paid to the Plan by Edward Jones in settlement or otherwise.

17. Edward Jones has asked Hanover to release Edward Jones from any claims that Hanover may claim to have against Edward Jones by virtue of the Fidelity

3

Bond Policies and the reimbursement/subrogation rights referenced in the settlement agreement between the Plan and Hanover. Hanover refused. See electronic mail message from Scott Schmookler, counsel for Hanover, dated April 16, 2007, attached.

18. The Plan believes that the Fidelity Bond Policies provide that Hanover is not entitled to a portion of any "recoveries" until the Plan is reimbursed for 100% of its loss.

19. In any event, any reimbursement/subrogation rights held by Hanover are limited to the amount Hanover paid the Plan for the Plan's loss, i.e., $270,000.

20. Edward Jones is or may be exposed to double liability as a result of the conflicting claims of the Plan and Hanover to the first $270,000 of the Settlement Payment.

21. Edward Jones is in doubt as to which of the competing claimants is entitled to the Settlement Payment. To avoid any potential liability, Edward Jones seeks a determination relating to the respective rights and priorities of the Plan and Hanover.

22. Edward Jones is willing to deposit $270,000 of the Settlement Payment into Court or into the Clark Hill PLLC non-IOLTA client trust account pending further order of the Court regarding the determination of the respective rights of the Plan and Hanover to that portion of the Settlement Payment.

23. This Counterclaim for Interpleader is Edward Jones' only means of protecting itself from multiple and conflicting claims made by the Plan and Hanover to

the Settlement Payment as well as settling the Plan's claims against Edward Jones without further expensive litigation.

WHEREFORE, Counter-Plaintiff Edward D. Jones & Co., L.P. respectfully requests that:

(a) This Court enter an order requiring The Plan and Hanover to settle and adjust their claims among themselves or, upon failure to do so, to enter an order settling and adjusting the claims of the Counter-Defendants to the Funds;

(b) This Court enter an order allowing Edward Jones to deposit $270,000 of the Settlement Payment with either the Clerk of the Court or into the Clark Hill PLLC non-IOLTA client trust account to be held pending further order of this Court;

(c) This Court enter an order restraining the Plan and Hanover from commencing, in any court, an action against Edward Jones in which the Plan and Hanover, or any of them, in any manner, seek to recover the Settlement Payment, or to recover from Edward Jones any damages or costs of any kind relating to the Plan or the Fidelity Bond Policies;

(d) This Court enter an order dismissing Edward Jones from this action with prejudice and without costs, and forever releasing and discharging Edward Jones from all liability to The Plan and Hanover in this cause on account of the matters relating to this cause; and

(e) The Court grant such other relief as is appropriate.

Respectfully submitted,

**BUTZEL LONG**

By:   /s/ Dennis K. Egan
     Dennis K. Egan (P29116)
     Miles T. Macik (P63262)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
(248) 258-1616
egan@butzel.com
**Attorneys for Defendant Edward D. Jones & Co., L.P.**

**Dated:** May 8, 2007

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS